### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS STRBAC, | ) | CASE NO. 4:06cv2321 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE ALDRICH |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| THOMAS R. SNIEZEK, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

On December 12, 2006, respondent Thomas R. Sniezek ("Sniezek") has filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 8.)  Petitioner Thomas Strbac ("Strbac") was ordered to respond to the Motion to Dismiss as soon as possible.  (Doc. No. 9.)  Strbac filed a brief in opposition on December 20, 2006.  (Doc. No. 10.)  For the reasons stated below, the Magistrate Judge recommends that Sniezek's motion to dismiss be granted.

### I.  Procedural Background

On September 25, 2006, Strbac filed a petition pursuant to 28 U.S.C. § 2241.  Strbac filed two motions seeking to fast track his petition.  (Doc. Nos. 2 & 5.)  Strbac alleges that he should have been released from prison on October 12, 2006.  In the interest of expediting, the Court

ordered Strbac to respond to the Motion to Dismiss as soon as possible.  Sniezek had filed a motion for extension of time to file his answer (Doc. No. 6), which the Court granted in part and denied in part.  (Doc. No. 7.)

## II.  Standard

The respondent appears to be arguing that Strbac's petition should be dismissed because his habeas petition is premature, as Strbac has failed to exhaust his available administrative remedies.  A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Where subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction.  *GTE North v. Strand*, 209 F.3d 909, 915 (6th Cir. 2000).  Moreover, when subject matter jurisdiction is challenged, a court is empowered to resolve factual disputes.  *Rogers v. Stratton Indus.*, *Inc*., 798 F.2d 913, 915 (6th Cir. 1986).

The respondent also has moved to dismiss Strbac's petition on the grounds that there is no factual basis for Strbac's assertion that his sentence was improperly computed.  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant.  *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993).  While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  Consequently,

2

a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III.  Analysis

**A.      Failure to Exhaust Administrative Remedies.**

Respondent argues that Strbac's petition should be dismissed because Strbac failed to exhaust his administrative remedies prior to filing his petition.  In his petition, Strbac admits that at the time his petition was filed on September 25, 2006, he had not "exhaust[ed] all administrative remedies," but argued the exhaustion requirement would deprive him of due process because his sentence would conclude before the administrative process was completed.  (Doc. No. 1-1 at 10.)

Federal prisoners complaining of events or conditions of confinement must exhaust their administrative remedies before habeas corpus relief may be granted.  *See, e.g., Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981) (per curiam); *Chua Han Mow v. United States*, 730 F.2d 1308, 1313-14 (9th Cir. 1984) (requirement applies to disputes over sentence credit computation), *cert. denied*, 470 U.S. 1031 (1985).  The crediting of jail time to a prisoner's sentence is governed by statute.  *See* 18 U.S.C. § 3585 ("§ 3585").  It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons ("BOP") to compute sentences and apply credit where it is due.  *See, e.g, Leavis v. White*, 898 F.2d 154 (6th Cir. 1990), *citing United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979); *see also United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir. 1988) ("[A] federal district court does not have jurisdiction to entertain a federal prisoner's petition for

3

jail time credit until the prisoner has exhausted his administrative remedies with the Attorney

General under 18 U.S.C. § 3568.").  Although much of the case law addressing exhaustion on

this issue deals with a statute that has been repealed, replacement of 18 U.S.C. § 3568 with 18

U.S.C. § 3585 did not change the Attorney General's delegation of authority for determining

credit for time served in custody to the BOP, nor did it alter the BOP's regulations setting forth

procedures a prisoner must pursue prior to seeking relief in district court.  *See United States v*

*Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990); *accord United States v. Brumbaugh*, 909 F.2d 289,

291 (7th Cir. 1990).  Thus, a prisoner's petition seeking credit for custody must be dismissed if

the prisoner has failed to exhaust administrative remedies.  *Id.*

　　　　At the time Strbac filed his petition, he had not exhausted his available administrative

remedies.  However, in *Leavis*, the Sixth Circuit Court of Appeals suggested a court may excuse

the exhaustion requirement where the administrative process did not offer an adequate remedy.

898 F.2d at 154.  The *Leavis* court observed that "[b]ecause petitioner has not demonstrated any

reasonable basis for this failure to exhaust his administrative remedies and in light of the

available administrative remedy and the adequacy of that remedy in providing the relief sought,

exhaustion would not be futile."  *Id. citing McKart v. United States*, 395 U.S. 185, 200 (1969)

(exhaustion doctrine will not be "applied blindly" in every case).  "A long line of Supreme Court

cases recognizes the rule that a party need not exhaust administrative remedies before bringing a

claim to federal court when the administrative remedy is inadequate or cannot provide the relief

requested."  *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982) (citations omitted); *see also*

*Aron v. Lamanna*, 4 Fed. Appx. 232, 233 (6th Cir. 2001) (court considered the exception to the

exhaustion requirement in a habeas petition but found that nothing in the record indicated that it

4

would have been futile for the petitioner to pursue his administrative remedies or that those remedies would have been unable to afford him the relief he requested.); *Eschman v. Fed. Bureau of Prisons*, 2006 U.S. Dist. LEXIS 6739 at *4 (E.D. Ky. 2006) ("[the] judicially created exhaustion requirement [in the habeas context] is excused if the prisoner can demonstrate that pursuing administrative remedies would be futile."); *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 690 (E.D. Ky. 2004) (where pursuit of administrative remedies is futile, a habeas petitioner need not satisfy the exhaustion requirement).

Respondent relies on a recent Supreme Court decision to argue the position that the exhaustion requirement is absolute.  *See Woodford v. Ngo*, 126 S. Ct. 2378 (U.S. 2006) ("The habeas statute *generally* requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court.") (emphasis added).[1]  Despite the enormous weight entitled to Supreme Court opinions, the *Woodford* decision is inapplicable.  As indicated by the Court's syllabus, the *Woodford* court addressed the exhaustion requirement in conjunction with the Prison Litigation Reform Act of 1995 (PLRA),  42 U.S.C. § 1997e(a).  *Id.*  Nowhere in its opinion does the Supreme Court suggest that habeas petitions are bound by PLRA requirements; furthermore, as the Court's discussion of habeas cases is not central to its ruling, it is dicta.  *See generally Woodford*, 126 S. Ct. 2378.  This Court declines to find that the Supreme Court implicitly intended the PLRA to apply to habeas petitions, particularly since there is no discussion of the issue and several Circuit courts have expressly found that the PLRA applies only to 42 U.S.C.

---

[1]  The applicable habeas corpus statute, 28 U.S.C. § 2254, was cited by the Supreme Court in its decision and deals with prisoners in custody pursuant to the judgment of a State court.  28 U.S.C. § 2255 is the statute that addresses habeas petitions by prisoners in federal custody.

§1983 actions and not to habeas corpus petitions.  *See, e.g., Skinner v. Wiley*, 355 F.3d 1293,

1294 (11th Cir. 2004) ("We, like several other circuits, have held that the PLRA does not apply to

habeas petitions because (1) habeas petitions are not traditional civil actions; (2) Congress

designed the PLRA to reduce frivolous civil actions from prisoners; and (3) the Antiterrorism

and Effective Death Penalty Act (AEDPA), which affects habeas petitions and motions to vacate,

was enacted two days after the PLRA.")

Therefore, the exhaustion requirement will not be applied unless the administrative

remedy is adequate and can provide the relief requested.  The following time line is crucial in

determining whether the administrative process offered an adequate remedy to Strbac, who

claims that a proper computation of credited jail time should result in a release date of October

12, 2006.[2]

1.   On May 31, 2006, the BOP initially calculated that Strbac's projected satisfaction date was October 12, 2006; a later report generated on June 12, 2006 by the BOP indicated that Strbac's projected satisfaction date was January 3, 2007.  (Doc. No. 1, Exs. E & F.)

2.   On May July 12, 2006, Strbac initiated the administrative procedure by requesting informal resolution of his grievance that his sentence was improperly computed (Step One).  Strbac's grievance was discussed and denied on August 4, 2006. (Doc. No. 1, Ex. B.)

3.   Within the requisite twenty (20) days after the failure of informal resolution, Strbac filed a Request for Administrative Remedy with the warden on August 18, 2006 (Step Two).  His request was denied on September 12, 2006.  (Decl. of Bingham at ¶¶4, 8.)

4.   Within the requisite twenty (20) days after the denial of his request, Strbac filed

---

[2]  According to the declaration of Rosalind Bingham filed by respondent Sniezek, the Administrative Remedy Procedure for Inmates involves four steps; the process is not deemed exhausted until the inmate's petition is denied at all four steps.  (Decl. of Bingham at ¶4, attached to Sniezek's Mot. To Dismiss as Doc. 1.)

an appeal with the Regional Director on September 22, 2006 (Step Three).  (Decl. of Bingham at ¶¶4, 8.)

5.    On September 25, 2006, Strbac files a petition for Writ of Habeas Corpus with the Northern District of Ohio.  (Doc. No. 1.)

6.    The alleged October 12, 2006 release date, which Strbac is seeking to enforce, passes.

7.    Strbac's appeal to the Regional Director was denied on October 19, 2006.  (Decl. of Bingham at ¶8.)

8.    Within the requisite thirty (30) days after the denial of his appeal, Strbac appeals the denial to the Central Office on or about November 6, 2006 (Step Four).  (Decl. of Bingham at ¶¶4, 8.)

9.    On November 14, 2006, Strbac's appeal to the Central Office was "rejected without a substantive response, because he exceeded the one page limit on continuation pages."  (Decl. of Bingham at ¶8.)

10.   As of December 8, 2006, Strbac had not attempted to refile an appeal with the Central Office.  Respondent has not indicated whether Strbac was entitled to additional time to file an appeal after it was rejected or whether the deadline of November 18, 2006 remained in effect.  Respondent has also failed to indicate the approximate date upon which Strbac received notice of his denial.  (Decl. of Bingham at ¶¶8, 9.)

It is clear that Strbac made every reasonable attempt to resolve his grievance through the proper administrative process, and there is no evidence of any undue delay on Strbac's part. Strbac had already proceeded to Step Two of the administrative process before filing his petition with this Court.  As the relief sought by Strbac was release from prison on October 12, 2006, as initially indicated by the BOP, the administrative process could not have adequately redressed Strbac's grievance.  The inadequacy of the process given the circumstances of Strbac's case is demonstrated by the time line, as Strbac did not receive a response to his final appeal until over a month after the date he alleges he should have been released from prison.  In light of binding case law recognizing the rule that a party need not exhaust administrative remedies before

7

bringing a claim to federal court when the administrative remedy is inadequate or cannot provide the relief requested, *Goar*, 688 F.2d at 28-29, petitioner's Motion To Dismiss on the grounds that Strbac failed to exhaust available administrative remedies should be denied.

**B.      Computation of Strbac's Sentence.**

Strbac argues that the BOP acted in an "arbitrary and capricious fashion" when it failed to credit him with four months towards the completion of his sixteen-month long sentence. (Doc. No. 1-1.)  Strbac asserts that the Court *ordered* he be given four months credit for time served in state prison. (emphasis added).  *Id.*  However, the district court, in a judgment issued by Judge Lesley Wells, did not order that Strbac be given a four month credit, but merely *recommended* that Strbac be given a credit of four months for time served.[3]  (1:03-cr-00376, Doc. No. 110.)  Pursuant to 18 U.S.C. § 3585 ("§ 3585"), it is the Attorney General, through the BOP, who "computes the amount of credit after the defendant begins his sentence ... [and] § 3585(b) does *not* authorize a district court to compute the credit at sentencing."  *United States v.*

_____

[3]  The applicable statute reads as follows:

18 U.S.C. § 3585.  Calculation of a term of imprisonment

(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

8

*Wilson*, 503 U.S. 329, 333-334 (1992).  Because the fourth month credit for time served was (1) merely a recommendation; and (2) the Attorney General, through the BOP, is the party designated by statute to compute credit for time served, Strbac cannot prove any set of facts in support of his claim that the BOP violated the sentencing judge's order that would entitle him to relief.

Nevertheless, the above ruling is not entirely dispositive of Strbac's claim.  Under § 3585(b), an offender such as Strbac "has a right to certain jail-time credit" if the criteria of the statute thereunder is satisfied, and "the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."  *Wilson*, 503. U.S. at 335.  Although Strbac, acting *pro se*, has not articulated his claims with particular legal clarity, his claims for relief also can be construed as a due process claim challenging the BOP's determination that the four months Strbac served in state prison could not be credited under the statute.

Challenges to the computation of a sentence are properly brought to a district court as a petition for habeas corpus under 28 U.S.C. § 2241.  *See, e.g., Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Clemente v. Clark*, 1998 U.S. App. LEXIS 5067 (7th Cir. 1998) (the court has jurisdiction over petitioner's claim because it challenges the BOP's calculation of his sentence, and thus is cognizable under 28 U.S.C. § 2241.); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th h Cir. 1988) ("To the extent [petitioner] seeks credit for time served prior to the date of his federal sentence ... it must be advanced in a petition for habeas corpus under 28 U.S.C. § 2241.")  "The general rule is that the BOP has the authority to determine if a defendant is eligible for credit for time served in detention prior to sentencing ... however, a court can grant

9

relief [under § 2241] when sentencing credits are miscalculated." *Woody v. Marberry*, 178 Fed. Appx. 468, 471 (6th Cir. 2006), *citing Wilson*, 503 U.S. at 335; *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001); *see also United States v. Chase*, 104 Fed. Appx. 561, 562 (6th Cir. 2004).

Thus, this Court has jurisdiction to grant Strbac relief if the BOP miscalculated the amount of credit to which petitioner is entitled under the statute.  However, for the reasons stated below, the BOP came to a reasonable conclusion when it found that Strbac was not entitled to credit for time served in state prison.

First and foremost, the BOP did not ignore Judge Wells's recommendation, nor did the BOP neglect to make an administrative determination as to whether Strbac was entitled to any credit for time served.  The BOP made an administrative determination and credited Strbac with eleven (11) days prior federal custody credit.  (Memo. In Support at 3, Doc. No. 8; Decl. of Johnson at ¶5.)  However, the BOP declined to grant Strbac credit for the approximately four months (110 days) he served in state prison, because the BOP concluded that such time was served for a state sentence.  (*See generally* Decl. of Johnson.)  Because § 3585 unequivocally states that credit can only be given for time served when such time "has not been credited against another sentence," the BOP's legal position is unassailable if Strbac's time in jail was indeed served towards satisfaction of a state sentence.

Thus, the only remaining issue is whether the BOP miscalculated Strbac's credit by unreasonably finding that the 110 days spent in prison were part of the state sentence imposed by Judge Burnside of the Court of Common Pleas for Cuyahoga County.  The sentencing order states as follows:

10

IT IS THEREFORE ORDERED THAT THE DEFENDANT IS SENTENCED
TO 1 DAY OF COMMUNITY CONTROL, (DEFENDANT HAS SERVED 110
DAYS IN COUNTY JAIL) UNDER THE SUPERVISION OF THE ADULT
PROBATION DEPARTMENT WITH THE FOLLOWING CONDITION (S):
DEFENDANT TO ABIDE BY THE RULES AND REGULATIONS OF THE
PROBATION DEPARTMENT. VIOLATION OF THE TERMS AND
CONDITIONS MAY RESULT IN MORE RESTRICTIVE SANCTIONS, OR A
PRISON TERM.

Although the above sentence is not precise as to whether the 110 days were part of the

sentence, the BOP's determination that the time served was part of the sentence is not

unreasonable.  Furthermore, Respondent has presented evidence that the BOP contacted Judge

Burnside, the state sentencing judge, and was informed by her law clerk that Judge Burnside "did

take into consideration that [Strbac] spent 110 days in custody for the state charges.  That is why

she only sentenced him to one day community service." (Decl. of Johnson at ¶3.)  The BOP's

determination that the 110 days spent in prison were served towards a state related sentence

cannot be reasonably construed as a violation of Strbac's constitutional rights or clearly

established federal law.  Therefore, Strbac's petition fails to state a claim upon which relief can

be granted and respondent Sniezek's Motion to Dismiss should be GRANTED.

## V.  Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion To

Dismiss be GRANTED.

> s/ Nancy A. Vecchiarelli
> NANCY A. VECCHIARELLI
> U.S. MAGISTRATE JUDGE

Date: January 8, 2007.

11

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

12